IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>HOUSTON REGIONAL SPORTS<br>NETWORK, L.P.,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>CASE NO. 13-35998 |

### REPLY OF COMCAST CLAIMANTS AND COMCAST DEFENDANTS TO THE PROPONENTS' CONSOLIDATED BRIEF ON ESTIMATION FOR VOTING PURPOSES OF UNSECURED CLAIMS OF THE COMCAST ENTITIES

In accordance with the terms of the Solicitation Order,[1] the Comcast Claimants[2] and the Comcast Defendants[3] (together with the Comcast Claimants, the "Comcast Parties") submit this reply to the Proponents' Consolidated Brief On Estimation For Voting Purposes Of Unsecured Claims Of The Comcast Entities [Dkt. 626] (the "Proponents' Estimation Brief"). As explained herein, the Proponents' provide no legal basis for their position that the Comcast Parties' indemnity claims against the Network should be estimated at $1.00 for voting purposes. Rather, for the reasons stated in the Comcast Claimants' Statement Pursuant To Section 502(c) Of The Bankruptcy Code Setting Forth The Amount Of Claims For Voting Purposes [Dkt. 624] (the "Comcast Estimation Brief"), these indemnity claims against the Network should be estimated in a material amount for voting purposes.

Furthermore, the Comcast Estimation Brief relied on the testimony of the Astros' witnesses and documents produced in discovery to estimate the Astros' asserted claim for

---

[1] Order (A) Approving the Disclosure Statement, (B) Scheduling a Hearing to Consider Confirmation of the Plan, (C) Establishing Voting, Objection and Other Confirmation Related Deadlines, and (D) Approving Forms of Ballots and Solicitation Procedures (the "Disclosure Statement Approval Order") [Dkt. 526].

[2] Houston SportsNet Finance LLC, Comcast Sports Management Services, LLC, National Digital Television Center LLC d/b/a Comcast Media Center, NBCUniversal Media LLC, SportsChannel New England LLC, SportsChannel Pacific Associates, and Houston SportsNet Holdings, LLC.

[3] Comcast Corporation and NBC Universal Media, LLC.

damages relating to their unpaid media rights. In their estimation motion in respect of that claim, however, the Astros now assert a substantially greater measure of damages. In light of the Astros' determination to assert that larger damages figure, the calculation of the expected value of the Comcast Parties' indemnity claims should be revised to take account of the greater rejection damages now asserted by the Astros.

## REPLY

I. **The Proponents Provide No Basis For Estimating The Indemnity Claims At $1.00**

The Proponents agree with the Comcast Parties that, in estimating their claims for voting purposes, the Court should employ the probabilistic approach. Proponents' Br. at 4. But while the Comcast Parties provided the Court with a reasonable, probability-based estimation of the expected value of their indemnity claims against the Network, the Proponents provide no legal basis for their position that such claims should be estimated at $1.00 for voting purposes.

A. **Claim For Indemnity Under The L.P. Agreement**

As explained in the Comcast Estimation Brief, proof of claim no. 42 ("POC 42") asserts, among other things, the Comcast Parties' right to indemnity from the Network under the L.P. Agreement for any liability incurred in connection with the Action.[4] Section 13.4 of the L.P. Agreement provides that "a Covered Person shall be entitled to indemnification from the Network for any loss, damage or claim incurred by such Covered Person by reason of any act or omission (including any act or omission constituting negligence) performed or omitted by such Covered Person on behalf of the Network in satisfaction of the standards set forth in Section 13.2 and in a manner reasonably believed to be within the scope of authority conferred on such Covered Person by the General Partner or by an appropriate Officer or employee of the General

---

[4] The action filed by Houston Baseball Partners LLC in the 80th Judicial District Court, Harris County, Texas against McLane Champions and R. Drayton McLane, Jr. and against the Comcast Defendants with case number 2013-70769.

2

Partner or the Network." L.P. Agreement § 13.4.  Section 13.2 of the Agreement defines "Covered Person" as a "Partner or any of its Affiliates or any of their respective officers, directors, employees, agents, members, Associates or other representatives."  L.P. Agreement § 13.2.  And Houston SportsNet Holdings, LLC is a "Partner" under the L.P. Agreement.  L.P. Agreement at 9, 10, A-2.  Accordingly, because Comcast Corporation and NBC Universal Media, LLC—the Comcast Defendants—are affiliates of Houston SportsNet Holdings, LLC, they are "Covered Persons" entitled to indemnity under that Agreement.

The Proponents wholly ignore the plain language of POC 42.  The Proponents acknowledge that POC 42 asserts "claims and rights arising from the LP Agreement, performance thereunder, and the Action" [Proponents' Br. at 5] but argue that the claims asserted therein should be estimated at $1.00 for voting purposes because Houston SportsNet Holdings, LLC is not a defendant in the Action [*id*. at 4].  In addition, they claim, neither of the Comcast Defendants holds a valid indemnity claim against the Network because they did not file proofs of claim against the Network.  To the contrary, however, POC 42 expressly states that it was filed by "(i) Houston SportsNet Holdings, LLC ('Houston SportsNet') and (ii) Houston SportsNet's affiliates (the 'Affiliates'), (iii) the officers, directors, employees, agents members, Associates or other representatives of Houston SportsNet and its Affiliates …."  POC 42 at Attachment A, p.1.  Thus, regardless of whether the Comcast Parties' right to indemnity under the L.P. Agreement for liability incurred in connection with the Action is construed as a claim of Houston SportsNet Holdings, LLC or of the Comcast Defendants (or of any other affiliate), such claim was properly

asserted against the Network and, for the reasons described in the Comcast Estimation Brief, has material value. There is thus no basis to estimate that claim at $1.00.[5]

The Proponents' suggestion that each of the Comcast Defendants was obligated to file its own proof of claim against the Network—and that the proof of claim filed by Houston SportsNet Holdings, LLC is insufficient to assert the Comcast Parties' indemnity rights under the L.P. Agreement—is plainly wrong. The Proponents cite no authority for that position. To the contrary, bankruptcy courts have recognized the seemingly obvious point that a proof of claim filed on behalf of an entity "and its affiliates" is deemed to have been filed by each of those affiliates as well. *See, e.g.*, *In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 377 nn.6, 11 (S.D.N.Y. 2008). Moreover, were the Proponents' position the rule, each and every affiliate of Houston SportsNet Holdings, LLC (numbering in the thousands) would be required to file its own proof of claim against the Network to preserve any potential indemnity claims it may have against the Network under the L.P. Agreement. To the extent that the Court concludes that each of the individual officers affiliated with the Teams should be permitted to vote separately,[6] then each of the separate Comcast-affiliated entities asserting claims for indemnification should be entitled to a separate vote against the Plan.

B.     **Claim For Indemnity Under The Services Agreement**

The Proponents likewise have no basis for estimating the amount of the Comcast Parties' claim for indemnity under the Services Agreement at $1.00 for voting purposes. As the Proponents acknowledge, "[t]he Comcast Services Agreement … provides for indemnification of

---

[5] As noted in the Comcast Estimation Brief, the fact that the Network seeks to reject the L.P. Agreement under the proposed plan does not affect the Comcast Defendants' indemnity rights thereunder. To the extent an agreement is rejected in bankruptcy, the counterparty is entitled to assert a pre-petition claim for "rejection damages." *See* 11 U.S.C. § 365(g).

[6] *See* Brief On Estimation For Voting Purposes Of Unsecured Claims Of The Astros Entities And Rockets Entities [Dkt. 625].

certain Comcast Parties (as defined in the Comcast Services Agreement) for certain types of damages." Proponents' Br. at 9. The definition of "Comcast Parties" includes each of the Comcast Defendants. Services Agreement at A-1. And the Proponents do not dispute that a proof of claim asserting these indemnity rights was properly filed against the Network. Indeed, proof of claim no. 41 ("POC 41"), which asserts these indemnity rights and seeks "[n]ot less than [$]1,118,439.40," was filed by "(i) Comcast Sports Management Services, LLC ('Comcast Services'); (ii) Comcast Services' affiliates (the 'Affiliates'), (iii) the directors, employees and officers of Comcast Services and its Affiliates…" POC 41 at Attachment A, p.1.

In addition, while the Proponents note that "[t]he Plan contemplates termination of the Comcast Services Agreement" [Proponents' Br. at 10], as explained in the Comcast Estimation Brief [p.3, n.4], that is no bar to an indemnity claim. Section 5.1(a) of that Services Agreement expressly provides that Comcast is entitled to indemnity "regardless of whether this Agreement continues to be in effect or the Comcast Party continues to be a Comcast Party at the time any such Claims are made or Damages incurred." Services Agreement §5.1(a).

Accordingly, regardless of whether the Comcast Parties' right to indemnity under the Services Agreement for liability incurred in connection with the Action is construed as a claim of Comcast Sports Management Services, LLC or of the Comcast Defendants (or of any other affiliate), such claim was properly asserted against the Network and, for the reasons described in the Comcast Estimation Brief, has material value.

II. **The Court Should Estimate The Comcast Parties' Indemnity Claims Against The Network At $124.5 Million For Voting Purposes**

In their Estimation Brief, the Comcast Parties calculated the expected value of their indemnity claims against the Network by discounting the total damages sought by the plaintiff in the Action by (a) the probability that the Comcast Defendants would be found liable in the

Action and (b) the probability that a court would conclude that the Comcast Parties' are entitled to indemnity from the Network for that liability.  In determining the total damages sought by the plaintiff from the Comcast Defendants in the Action, the Comcast Parties' relied on the best information available to them at the time—deposition testimony from Mr. Crane and Mr. Kibbe of the Astros.  In their depositions, neither Mr. Crane, Mr. Kibbe, nor Ms. Barradas (also of the Astros) provided a dollar amount for the Astros' rejection damages claims or quantified the difference between the new media rights agreements and old media rights agreements.  Since the Comcast Parties filed their Estimation Brief, however, the Proponents filed their Brief On Estimation For Voting Purposes Of Unsecured Claims Of The Astros Entities And Rockets Entities [Dkt. 625], which lays out the total damages sought by the Astros against the Network, including the amount of their rejection damages claims.  The Astros assert that the total amount of their rejection damages claim is $88,471,908.10.  Dkt. 625 at 19.  Unless the Astros disclaim any intention to recover this amount in the Action, the Comcast Parties' believe that the calculation of total damages that plaintiff seeks to recover from the Comcast Defendants in the Action (as discussed on 7-8 of the Comcast Estimation Brief) should be revised to include the $88,471,908.10.  With that addition, the total liability faced by the Comcast Defendants in the Action is $494 million.  Using the same methodology employed in the Comcast Estimation Brief, the expected value of the Comcast Parties' indemnity claims against the Network is $124.5 million.

## CONCLUSION

The court should estimate the Comcast Parties' claims against the Network at $124.5 million for voting purposes.

Dated:  September 29, 2014                                     Respectfully submitted,

| | |
|---|---|
| Howard M. Shapiro | /s/ Vincent P. Slusher |
| Craig Goldblatt | Vincent P. Slusher |
| WILMER CUTLER PICKERING | Andrew Zollinger |
|    HALE AND DORR LLP | DLA PIPER LLP (US) |
| 1875 Pennsylvania Avenue N.W. | 1717 Main Street, Suite 4600 |
| Washington, D.C. 20006 | Dallas, Texas  75201-4629 |
| (202) 663-6000 | (214) 743-4500 |
| | |
| George W. Shuster, Jr. | Arthur J. Burke |
| Sanket J. Bulsara | Timothy Graulich |
| WILMER CUTLER PICKERING | Dana M. Seshens |
|    HALE AND DORR LLP | DAVIS POLK & WARDWELL LLP |
| 7 World Trade Center | 450 Lexington Avenue |
| 250 Greenwich Street | New York, New York  10017 |
| New York, New York  10007 | (212) 450-4000 |
| (212) 230-8800 | |

*Counsel for the Comcast Claimants and Comcast Defendants*